416 So.2d 82 (1982)
STATE of Louisiana ex rel. Larry LaFLEUR
v.
Jack DONNELLY, Warden, Dixon Correctional Institute.
No. 81-KH-2654.
Supreme Court of Louisiana.
June 21, 1982.
*83 William G. Carmichael, Clinton, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., Richard W. Vidrine, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Chief Justice.
We granted relator's petition to review the claim that his guilty plea was not knowingly and intelligently entered.
Larry LaFleur was charged with simple burglary and theft that occurred on September 3, 1980, simple burglary committed September 4, 1980 and possession of a firearm by a convicted felon on September 4, 1980. After an initial plea of not guilty, he entered pleas of guilty to all charges pursuant to a plea bargain agreement. Defendant was sentenced to six years on each count of simple burglary, six years on the theft charge and five years on the firearm possession charge, all sentences to run concurrently. R.S. 14:95.1 provides the five year sentence for firearm possession to be served without benefit of parole, probation or suspension of sentence.
Clyde Fontenot, defendant's attorney at the time he entered the guilty pleas, testified that he had bargained with the district attorney for concurrent sentences of nine years each on the theft charge and the two simple burglary charges. Fontenot told defendant he would be eligible for parole after three years. Defendant refused the offer, and said he would go to trial before he would plead guilty in exchange for a nine year sentence.
Defendant then made a deal through the chief deputy of the Evangeline Parish sheriff's office. Deputy McGee arranged for six year concurrent sentences on the three charges and an additional five year concurrent sentence on the firearm possession charge. Mr. Fontenot was not involved in the second plea bargain other than to have the district attorney agree not to treat defendant as an habitual offender and to be present when the guilty pleas were entered.
The record substantiates defendant's assertion that he would not have pleaded guilty if he had known he would be ineligible for probation or parole on the sentence he would receive under the firearms statute. Although Clyde Fontenot emphatically denied that he made any promises to defendant regarding parole, he admitted that the question of parole or probation probably came up. He and defendant had discussed parole concerning the nine year sentence, and he told defendant he would be eligible after three years. Fontenot "... guess[ed] there was some discussion about, you know, eligible or not eligible for parole, you know, or two years, you know, after six you're eligible after two, usually." Defendant testified Fontenot told him the decision would be made by the parole board, but that he would be eligible for parole after two years if he accepted the six year plea bargain.
At the sentencing hearing on April 10, 1981 the state noted "[p]lea bargain was six years. To run concurrent with the possible revocation of parole."[1] The trial judge sentenced defendant to six years on each count of simple burglary and six years for the theft charge, sentences to run concurrently, and five years for possession of a firearm, also to run concurrently with the *84 aforementioned sentences. The trial court stated defendant was to be given credit for all time served to work toward his record for parole or probation purposes. The transcript of the sentencing hearing contains no reference to the ineligibility for parole, probation or suspension of sentence on the firearm charge. In fact, the defendant was unaware that he was to receive three six year sentences and one five year sentence to be served concurrently. When the sentencing judge asked defendant if he understood the sentences were to be concurrent, defendant replied that "I didn't know anything about concurrent." Only at the sentencing hearing did defendant learn that he was receiving separate sentences to be served at the same time. At the post conviction hearing defendant said that "as far as I knew was that I was pleading guilty to 6 years to all of them put together." He did not know that he was being charged under the "gun act," meaning the firearms possession statute.
"... while an understanding of the triad of rights may be the sine qua non for the acceptance of a guilty plea, it is also true that other factors may have a bearing on the validity of the plea. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea. See, e.g., State v. Galliano, 396 So.2d 1288 (La.1981); State v. Beatty, 391 So.2d 828 (La.1980)." State v. Halsell, 403 So.2d 688, 690 (La.1981).
It is important to explain to the accused the elements of the offenses with which he is charged and the rights he is waiving by pleading guilty thereto. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). However, it is probably much more important to the defendant's decision (about whether to plead guilty) that he understand the maximum penalty exposure.
In this case a detailed account of the possible sentences by the trial court could have prevented any misunderstanding with regard to parole eligibility on the firearms charge. A full explanation of the sentence provided for an offense by the legislature seems particularly important when, as part of the penalty for the offense, parole eligibility is denied, because the accused may be far more concerned about the possibilities for early release than any abstract right to confront his accusers at trial.
In State v. Galliano, 396 So.2d 1288 (La. 1981), this court upheld the vacating of a plea by the trial judge on grounds that all parties concerned had mistakenly believed at the time of the plea colloquy that suspension of sentence was available under the applicable statute. Defendant in this case justifiably believed that he would be eligible for parole in two years, and pleaded guilty, in part, on that basis. The guilty plea was made voluntarily, but it was not knowingly and intelligently entered. See also State v. Jones, 398 So.2d 1049 (La. 1981).
For the foregoing reasons, defendant's convictions and sentences are reversed and set aside, and the case is remanded for further proceedings not inconsistent with this opinion.
DENNIS, J., concurs with reasons.
LEMMON, J., concurs and assigns reasons.
WATSON, J., dissents.
LEMMON, Justice, concurring.
Compliance with the three-right articulation rule of State ex rel Jackson v. Henderson, above, is not the equivalent of a constitutionally valid guilty plea. A guilty plea which complies with the per se rule of Jackson, but which does not comply with Boykin `s constitutional mandate that the record show the plea was entered knowingly and intelligently, must be set aside. Conversely, a guilty plea which does not comply with the per se rule of Jackson, but which is constitutionally valid because it was clearly shown to have been entered knowingly and intelligently, should be affirmed. The key inquiry is whether the record (consisting of both the evidence at the time of the plea and the evidence at the postconviction attack on the plea) establishes that defendant *85 entered the plea knowingly and voluntarily.[1]McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102.
On this record, defendant is clearly entitled to have his plea to firearm possession set aside. Because that plea was part of a package deal, the state may insist that the entire plea be set aside.[2]
DENNIS, Justice, concurring.
I respectfully concur.
I cannot join in the majority's speculation as to which was more important to this defendant's decision to plead guilty, his understanding of his constitutional rights or of his maximum penalty exposure. It is unnecessary and will probably not be understood in the way it is intended.
NOTES
[1] The record contains no other reference to defendant being subject to parole revocation. When defendant was asked whether he was on parole at the time of the sentencing hearing he responded in the negative.
[1] As a matter of fact, virtually all of the recent pleas which come before this court are in compliance both with Jackson's per se rule and Boykin's constitutional mandate. The problems occur primarily in older pleas, which were entered before trial judges began making the painstaking efforts they do today to insure that a guilty plea is valid.

Older pleas are now coming before this court generally as predicate offenses used for enhancement of recent crimes. Because the state frequently is prejudiced by stale postconviction attacks on pleas, the record of older pleas should be examined using a standard of substantial compliance, and the unexplained delay in raising the issue should be considered as one factor in the totality of circumstances in the determination of whether to set aside the plea. State v. Cusher, 400 So.2d 601 (La.1981); State v. Bosworth, 415 So.2d 912 (La.1982).
[2] It is interesting to note that defendant's success in setting aside the plea may work to his detriment. If the state's evidence is still intact, and if defendant is tried and convicted, he will probably be sentenced without the benefits of a very favorable bargain (in which the district attorney agreed not to bill him as a multiple offender).