441 So.2d 204 (1983)
STATE of Louisiana ex rel., James C. CURRY
v.
Mr. D.R. GUILLORY, Warden Wade Correctional Center Haynesville, La. 71038 and the State of Louisiana.
No. 82-KH-2514.
Supreme Court of Louisiana.
November 18, 1983.
PER CURIAM.
Granted. The record supports relator's claim that he entered his plea of guilty to felony theft, La.R.S. 14:67, with a reasonable but mistaken impression of his total sentencing liability. Cf., State ex rel. La-Fleur v. Donnelly, 416 So.2d 82 (La.1982). The transcript of the Boykin colloquy on May 28, 1981, shows clearly that relator's attorney recommended he plea under the misapprehension that the promised two-year sentence would mark the final release date of relator from the Department of Corrections, despite the fact that the plea would also automatically revoke relator's parole on a previous conviction. R.S. 15:574.10. That misunderstanding was never expressly corrected by the trial court or the state at the plea hearing. However, while relator's parole term was due to expire at the end of the next two years, he owed a balance of nearly 8 years on his original sentence at the time of his release on parole, and would have to serve it upon revocation. R.S. 15:574.9(E).
Accordingly, this case is remanded to the district court for purposes of giving the relator the opportunity, at his option, to withdraw his guilty plea entered on May 28, 1981.