520 So.2d 1028 (1987)
STATE of Louisiana
v.
Raymond HENDERSON, Jr.
No. CR87-505.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Charles Scott, Alexandria, for defendant-appellant.
Earl Humphries, III, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
DOMENGEAUX, Judge.
Raymond Henderson, Jr. was charged by a bill of information with the April 16th, 1985 armed robbery of Dorothy Smith in Rapides Parish, Louisiana. The defendant, represented by counsel, executed a "Petition To Enter Plea Of Guilty And Order" and at the Boykin hearing pled guilty to the charge of having violated La.R.S. 14:64, armed robbery. Henderson was then sentenced to serve thirty years at hard labor *1029 without the benefit of parole, probation or suspension of sentence.
On appeal, the defendant submits that his plea was not knowing and voluntary, and he seeks to have his conviction overturned and his sentence set aside. Henderson contends that his plea is constitutionally infirm because he was not apprised of the fact that the statutory penalty for armed robbery, imprisonment, must be served without the benefit of parole, probation or suspension of sentence. R.S. 14:64 provides, in part:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. (emphasis added).
A constitutionally valid plea of guilty requires that an accused voluntarily and intelligently waive his constitutional rights. Principal among those rights are the right to trial by jury, the right to confront one's accusers and the privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State v. Santiago, 416 So.2d 524 (La.1982).
We do not believe that the ineligibility of parole, probation or suspension of sentence are consequences of a plea of guilty about which a defendant must be informed. Although this information might have been beneficial to the defendant, he was informed that he could be sentenced to serve up to ninety-nine years in prison and the failure to inform him of his ineligibility does not reach the level of a denial of constitutional rights. We, therefore, hold that Henderson's plea was knowing and intelligent and affirm his conviction.[1]
In Trujillo v. United States, 377 F.2d 266 (5th Cir.1967) the United States Fifth Circuit Court of Appeals was confronted with an issue similar to the instant case. The issue in Trujillo was whether a guilty plea could be accepted in federal court without the accused first being informed that a conviction would render him ineligible for parole. The Court held that failing to inform the accused of every "but for" consequence, in particular failing to inform him of his ineligibility for parole, did not render the plea invalid.
The Court in rendering its decision quoted with approval from Smith v. United States, 324 F.2d 436 (D.C.Cir.1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed. 2d 975 (1964). The Smith Court stated:
It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility, the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a `consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a `consequence' of a plea of guilty...; rather, it is a consequence of the withholding of legislative grace. (emphasis added). Trujillo, supra, at 269.
See also, Hunter v. Fogg, 616 F.2d 55 (2nd Cir.1980); Sanchez v. United States, 417 F.2d 494 (5th Cir.1969); But see, Harris v. United States, 426 F.2d 99 (6th Cir.1970); United States v. Smith, 440 F.2d 521 (7th Cir.1971); and Moody v. United States, 469 F.2d 705 (8th Cir.1972), in which instances contrary conclusions were reached. We choose, however, to follow the decisions in Trujillo, Hunter and Sanchez.
For the above and foregoing reasons, the conviction and sentence of Raymond Henderson, Jr. are affirmed.
AFFIRMED.
NOTES
[1] We note in rendering this decision that this case does not involve a plea bargain. Henderson merely pled guilty, he was not promised any sentence in return for entering his plea.