619 So.2d 82 (1993)
STATE of Louisiana, Appellee,
v.
Frederick CARTER, Appellant.
Nos. 24788-KA, 24789-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1993.
*83 Michael Courteau, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus Clark, Asst. Dist. Atty., Monroe, for appellee.
Before VICTORY, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Frederick Carter, was charged by separate bills of information with conspiracy to distribute cocaine, possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. Pursuant to a plea bargain, defendant pled guilty to the charges of simple possession of cocaine and attempted possession of a firearm by a convicted felon. The charge of conspiracy to distribute cocaine was subsequently dismissed. The court imposed consecutive sentences of five years for each charge with the firearm sentence to be served without the benefit of parole, probation or suspension of sentence. Although on appeal, defendant argues the sentences are excessive, we note an error patent which requires that this case be remanded to the district court with instructions.

FACTS
Defendant and a companion were stopped for speeding. A consent search disclosed over 60 grams of cocaine in powder and rock form in the car. Defendant was carrying a loaded magazine to a .380 automatic pistol. Two .380 automatic pistols and a .25 automatic were found in the car. Defendant conceded he was aware of the presence of the drugs, that he constructively possessed them, that he was aware of the weapons, that he attempted to possess one of them, and that he had a prior felony conviction. The defendant did not say what the prior conviction was for, nor did the state.
One of the charges to which defendant entered a plea of guilty was attempted possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. This statute applies only when a defendant is in actual or constructive possession of a firearm *84 and has been previously convicted of certain enumerated felonies. The trial court failed to determine whether defendant's prior conviction was one enumerated in LSA-R.S. 14:95.1 when the guilty plea was entered. However, the pre-sentence investigation report shows defendant was convicted of attempted burglary, which is listed as a predicate offense in LSA-R.S. 14:95.1. Thus, that element of the offense is established by the record. Viewing the record as a whole, there is sufficient proof of guilt beyond a reasonable doubt to support both convictions.

Excessive Sentence
Defendant contends his sentence is excessive. This issue is not properly before this court for review.
Defendant's sentence was imposed on June 15, 1992. LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to defendant's sentence. This article precludes the state or defendant from raising an objection to his sentence on appeal or review or from urging any grounds not previously raised in a motion to reconsider sentence. Because defendant failed to move for reconsideration of sentence, he is barred from attacking his sentence on appeal. State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992); State v. Bryant, 607 So.2d 11 (La.App. 2d Cir.1992).
This assignment of error is not subject to review.

Error Patent
However, we note an error patent in the guilty plea colloquy to the charge of attempted possession of a firearm by a convicted felon. LSA-R.S. 14:95.1 provides that certain convicted felons who are subsequently convicted of possessing a firearm or carrying a concealed weapon shall be sentenced without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:27 D(3) provides that a sentence imposed for the attempted offense shall be "in the same manner as the offense attempted." Thus, a sentence for attempted possession of a firearm by a felon must be imposed without benefit of parole, probation or suspension of sentence. State v. Lindsey, 583 So.2d 1200 (La.App. 1st Cir.1991). In the instant case, the trial court stated the sentence would be served without benefit of probation or suspension of sentence, but did not inform the defendant that the sentence must be served without the benefit of parole.
The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. State v. Smith, 513 So.2d 544, 546 (La.App. 2d Cir.1987). There must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Furthermore, a guilty plea will not be considered voluntarily and knowingly entered unless the trial court apprised the defendant of the possible range of sentences for the offense to which he pleads guilty. State ex rel. Curry v. Guillory, 441 So.2d 204 (La. 1983); State v. Young, 535 So.2d 1150 (La. App. 2d Cir.1988).
The Louisiana Supreme Court has declared that when determining whether the defendant's plea is knowing and voluntary, a court may look at other factors that may have a bearing on the decision, namely, the defendant's understanding of his maximum penalty exposure. State ex rel LaFleur v. Donnelly, 416 So.2d 82 (La. 1982); Guillory, supra.
In State v. Smith, supra, this court addressed the issue of the validity of a guilty plea where the defendant had not been told that the sentence to be imposed must be served without eligibility for parole, probation or suspension of sentence. In Smith, we gave a thorough discussion of the lack of uniformity between our state courts and the federal courts on this issue. We noted that the federal scheme referred to ineligibility for parole, probation or suspension of sentence as a collateral consequence of a guilty plea and that the trial court was not required to inform the defendant as to collateral consequences of a plea of guilty. However, this Court noted that the Louisiana Supreme Court has specifically stated *85 that knowledge of ineligibility for parole, probation or suspension of sentence is an important factor in deciding to enter a knowing and intelligent plea of guilty. Smith, supra at 548, (citing State ex rel. LaFleur v. Donnelly, supra; State ex rel. Curry v. Guillory, supra). Since the Smith decision, other courts, both state and federal, have held that ineligibility for parole is a consequence of a guilty plea of which a defendant must be apprised before there can be a finding that the plea was voluntarily and knowingly entered. State v. Henderson, 520 So.2d 1028 (La.App. 3d Cir.1987) (citing Harris v. United States, 426 F.2d 99 (6th Cir.1970); United States v. Smith, 440 F.2d 521 (7th Cir.1971); and Moody v. United States, 469 F.2d 705 (8th Cir.1972).
In Donnelly, supra, the Louisiana Supreme Court permitted the defendant to withdraw his guilty plea because he was under the mistaken impression that he would be eligible for parole. The Court reasoned that the guilty plea was not knowingly and intelligently entered because:
A full explanation of the sentence provided for an offense by the legislature seems particularly important when, as part of the penalty for the offense, parole eligibility is denied, because the accused may be far more concerned about the possibility for early release than any abstract right to confront the accusers at trial. State ex rel. LaFleur v. Donnelly, supra, at 84.
In the instant case, the record reflects that defendant was properly advised that by pleading guilty he was waiving his right to confront his accusers and have his attorney cross-examine them in open court, the right to call his own witnesses and the right to remain silent. However, the following exchange also occurred during the guilty plea colloquy:
Q. You can read, write, speak and understand the English language okay I take it?
A. Yes, sir.
Q. Do you suffer from any type of alcoholism or mental illness or drug addiction or anything of the like?
A. No, sir.
Q. All right. Do you understand what you were originally charged with and what you are pleading to under this amended bill and the plea bargain?
A. Yes, sir.
Q. You were looking at a maximum of about 55 years maximum on the three charges before your attorney has reduced that to 10 years through the plea of guilty as charged to possession or to the responsive charge of possession of cocaine which carries a maximum of 5 years and then you are pleading guilty to attempted possession of a firearm by a convicted felon which is 1½ to 5 years.

Mr. Courteau: Excuse me, Your Honor. My understanding is that would be 0 to 5 rather than 1½ to 5.
Mr. Clark: It would be 0 to 5 but the Supreme Court's jurisprudence on that is that when you plead to an attempt that the attempt statute divides the top in half but it does not say anything about the bottom that it turns into a 0 just like distribution would be 0 to 15.
The Court: Well, that is really kind of academic in the case of Mr. Carter since he is not going to be receiving 0 on the firearm charge.
Q. All right. The maximum is now 10 years that you have agreed to. Other than that has anything been promised to you to get you to enter this plea of guilty?
A. No.
Q. Has anybody threatened you in any fashion to get you to plead guilty?
A. No.
. . . .
Q. Okay. Do you understand that there won't be any higher court reviewing your case after I impose sentence?
A. Yes.
Q. Do you understand that you will be pleading guilty to two felonies and that you are not going to be receiving probation or a suspended sentence?

A. Yes.
(emphasis added)
The trial court failed to inform the defendant that he was not eligible for parole. *86 Further, there is nothing in this record to reflect that the defendant was informed by his attorney that the sentence imposed would be without parole, probation or suspension of sentence.
The statute under which defendant pled guilty, LSA-R.S. 14:95.1, mandates that the sentences be served without benefit of probation, parole or suspension of sentence and this is as much a part of the sentence as the length of time the court may order the defendant to serve. Smith, supra. Ineligibility for parole is a direct consequence of the plea, and therefore, the defendant should be fully informed of the exposure before the plea is accepted. Smith, supra.
For the foregoing reasons, we conditionally vacate the conviction and sentence of the defendant, Frederick Carter, and remand this case to the trial court for a hearing, within a reasonable time, regarding the voluntariness of defendant's plea. If it is determined that the plea was knowingly and intelligently entered after defendant was counseled about his parole ineligibility, the record shall be supplemented accordingly and defendant may then be granted an appeal of that determination. If it is determined that the plea was not knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken. See State v. Combs, 567 So.2d 733 (La.App. 2d Cir.1990).
CONDITIONALLY VACATED AND REMANDED.
BROWN, J., dissents in part with written reasons.
BROWN, Judge, dissenting in part.
I dissent from the majority opinion's determination of error patent. The entry of a guilty plea must be a free and voluntary choice on the part of defendant. Furthermore, a decision to plead guilty will not be considered free and voluntary unless a defendant expressly and knowingly waives his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The scope of Boykin has not been expanded to include advising defendant of rights other than the three enumerated. In State v. Nuccio, 454 So.2d 93, 104 (La.1984), our supreme court stated:

Boykin, furthermore, only requires that a defendant be informed of the three rights enumerated above. Its scope has not been expanded to include advising defendant of any other rights which he may have, nor of the possible consequences of his actions. Our jurisprudence has never required that a defendant be informed that his guilty plea-his conviction-may be used as a basis for filing of a future multiple offender bill. For the most part, our application of Boykin has been with few exceptions or expansions.
The record reflects that defendant was advised of his rights to trial by jury, to confront his accusers and his privilege against self-incrimination.
The firearms charge to which defendant plead guilty required that its sentence be served without the benefit of probation, suspension of sentence or parole. Although the court did not specifically advise defendant of his ineligibility for probation, suspension of sentence or parole under LSA-R.S. 14:95.1, it did state the following:
Q. Do you understand that you will be pleading guilty to two felonies and that you are not going to be receiving probation or a suspended sentence?
A. Yes.
In the exchange between the judge and defendant, nothing was said concerning parole ineligibility on the firearms charge. I do not believe, however, that being told of parole ineligibility is absolutely necessary for a guilty plea to be free and voluntary. In State v. Henderson, 520 So.2d 1028, 1029 (La.App. 3d Cir.1987), the failure to inform a defendant pleading guilty to armed robbery that the penalty provided by statute would be without benefit of parole, probation or suspension of sentence did not render the plea invalid. In Trujillo v. United States, 377 F.2d 266 (5th Cir.1967), the United States Fifth Circuit Court of *87 Appeal found that the ineligibility for parole is not a consequence of a plea about which a defendant must be informed.
Defendant herein does not attack his guilty plea because of any misunderstanding of his parole eligibility. Defendant does not even claim his guilty plea was involuntary. However, the proper method for asserting such a claim would be an application for Post Conviction Relief where each side could present all the available information. See State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
For this court to recognize as error patent the failure of the trial court to inform defendant that the sentence would be without parole is an unwarranted expansion of Boykin. If defendant's plea was involuntary because of a misunderstanding as to parole eligibility then "the key inquiry is whether the record (consisting of both the evidence at the time of the plea and the evidence at the post conviction attack on the plea) establishes that the defendant entered the plea knowingly and voluntarily." LaFleur v. Donnelly, supra, (Lemmon, J., concurring). [Emphasis added].
Our previous decision in State v. Smith, 513 So.2d 544, 546 (La.App. 2d Cir.1987), is wrong. See State v. Harris, 601 So.2d 779 (La.App. 1st Cir.1992); State v. Lewis, 601 So.2d 379 (La.App. 5th Cir.1992).