1 iWILLIAMS, Judge,
dissenting.
I respectfully dissent.
The plea colloquy forms a part of the proceeding which may be inspected for error patent on the face of the record. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993). The offense of first degree robbery is punishable by a sentence of up to forty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64.1.
In the present ease, during the guilty plea colloquy, the district judge recited the above penalty provision. However, in an apparent attempt to explain the statute, the district court erroneously advised defendant that “at least three years” of the sentence were to be served without the benefit of parole, probation or suspension of sentence. The record does not contain any indication that the district court corrected its inaccurate explanation or that defendant was correctly advised by his attorney that any sentence imposed would be served “without benefit.”
The entry of a guilty plea must be a knowing and voluntary choice on the part of the defendant. State v. Nuccio, 454 So.2d 93 (La.1984). The trial court is required to apprise the defendant of the possible sentencing range for the offense to which he pleads guilty. State v. Garth, supra. The Louisiana Supreme Court has stated that knowledge of ineligibility for parole, probation or suspension of sentence is an important factor in a defendant’s decision to enter a knowing and intelligent plea of guilty, and thus he must be so advised. State ex rel LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
This court has consistently followed La-Fleur and vacated the plea when the record shows that the defendant was not correctly informed of the sentencing range and of the “without benefit” provision. See State v. Smith, 513 So.2d 544 (La.App.2 2d Cir.1987); State v. Carter, 619 So.2d 82 (La.App. 2d Cir.1993); State v. Garth, supra; State v. Powell, 28,173 (La.App.2d Cir. 5/8/96), 674 So.2d 1057.
In addition, the legislature has recently acted to clarify the jurisprudence concerning the knowing and voluntary nature of guilty pleas by enacting LSA-C.Cr.P. art. 556.1, *162 which provides that the court shall not accept a plea of guilty without first informing the defendant of, and determining that he understands, any mandatory minimum penalty and the maximum possible penalty provided by law. Article 556.1 is interpretive, embracing the principle of LaFleur, supra, and validating the analysis employed by this court in State v. Smith, supra, and its progeny. State v. Hill, 30,552 (La.App.2d Cir. 5/13/98), 714 So.2d 814.
In light of the foregoing considerations, I must conclude that the district court’s failure to correctly advise the defendant that the entire term of any sentence imposed would be served without benefit of parole, probation or suspension of sentence, renders his plea invalid as not having been knowingly and intelligently entered. Therefore, the guilty plea should be vacated, the conviction and sentence set aside, and the case remanded for further proceedings in which the defendant may plead anew.