773 So.2d 718 (2000)
STATE of Louisiana
v.
Alister W. BRAZLEY.
No. 00-KA-0923.
Supreme Court of Louisiana.
November 28, 2000.
*719 Richard Phillip Ieyoub, Attorney General, Harry F. Connick, District Attorney, Balentin Michael Solino, for Applicant.
Charles Gary Wainwright, for Respondent.
KNOLL, Justice
This case is before us on direct appeal from a judgment of the district court that declared Articles 340(E) and 342 of the Louisiana Code of Criminal Procedure unconstitutional. These articles, in part, mandate contradictory hearings for certain bail hearings in parishes that have a population in excess of four hundred ninety thousand as established by the 1990 U.S. Decennial Census. We find that the lower court correctly determined that the provisions of the articles that mandate contradictory hearings are unconstitutional local laws within the meaning of LA. CONST. art. III, § 12. We also find that the unconstitutionality of portions of the articles does not render the entirety of the articles unenforceable because the remaining portions may be severed.

FACTUAL AND PROCEDURAL HISTORY
The defendant, Alister W. Brazley ("Brazley"), was indicted for possession with intent to distribute a controlled dangerous substance. Bail was set; however, Brazley did not furnish a bond and was confined in Orleans Parish Prison. In conjunction with a motion for reduction and/or modification of the bond, defense counsel moved to declare unconstitutional the law requiring a contradictory hearing before fixing or modifying bail in any parish with a population in excess of four hundred ninety thousand as set by the 1990 U.S. Decennial Census. The laws at issue are LA.CODE CRIM. PROC. arts. 340(E)[1] and *720 342.[2] The trial court held the articles unconstitutional because the articles limit judicial capacity and infringe on the rights of those arrested in New Orleans, the articles deny arrestees equal protection by subjecting them to an additional hearing, and because the articles were local or special laws in violation of LA. CONST. art. III, § 12. On appeal to this Court, the State argues that the articles are not local laws because they could and would apply to any parish that meets the criterion set forth in the articles. In the alternative, the State argues that if the articles are local laws, they do not regulate the practice of bail setting because the court retains its power and authority to set or modify bail according to what the court deems appropriate. In response, Brazley argues that using the 1990 U.S. Decennial Census to determine population locks in the population figures so that the articles could and would never apply to any parish except Orleans.[3] Brazley further argues that the articles regulate the practice of bail setting because the trial court must limit its bail hearings to normal working hours when a District Attorney or his assistant is present.

LAW AND ANALYSIS
The issue of whether Articles 340(E) and 342 are unconstitutional local *721 laws was raised by Amicus in State v. Neisler, 93-1942 (La.2/28/94), 633 So.2d 1224, 1232 n. 19; however, we declined to reach the issue because it was raised for the first time by a non-party.[4] The issue is squarely before us in this case and we now address whether the articles are constitutionally prohibited local laws.[5]
Our Constitution provides that the Legislature may not pass a local or special law regarding any of the subjects enumerated in LA. CONST. art. III, § 12(A). We begin, therefore, by determining whether LA.CODE CRIM. PROC. ANN. arts. 340(E) and 342 are local or special laws. A law is local if it operates only in a particular locality without the possibility of extending its coverage to other localities or areas should the requisite criteria come to exist in the new locality or area. Kimbal v. Allstate Ins. Co., 97-2885, 97-2956, p. 4 (La.4/14/98), 712 So.2d 46, 51. Thus, a law is not local if its coverage can extend to other localities or areas. Id.; City of New Orleans v. Treen, 431 So.2d 390, 394 (La. 1983); State v. Labauve, 359 So.2d 181, 182 (La.1978); Davenport v. Hardy, 349 So.2d 858, 863 (La.1977). Generally, a law that applies to localities with a certain population is not a local law because other localities potentially can meet the population trigger and become subject to the particular law. The provisions in articles 340(E) and 342 that are based on population provide:
E. In any parish with a population in excess of four hundred ninety thousand, as established by the 1990 U.S. Decennial Census, the magistrate or district court shall hold a contradictory hearing prior to fixing bail in any felony case.
LA.CODE CRIM. PROC. ANN. art. 340(E) (emphasis added).
However, in any parish with a population in excess of four hundred ninety thousand, as established by the 1990 U.S. Decennial Census, the district court shall hold a contradictory hearing prior to a modification of the bail order.
LA.CODE CRIM. PROC. ANN. art. 342 (emphasis added).
These two provisions trigger a mandatory contradictory hearing if a parish reaches 490,000 people according to the 1990 U.S. Decennial Census. The 1990 U.S. Decennial Census is fixed; the populations will not grow, shrink, or otherwise change. The only parish that meets, or will ever meet the criterion, is Orleans Parish. These laws operate only in a particular locality and do not have the possibility of extending their coverage to other localities or areas because the requisite criterion can never come to exist. Therefore, these laws clearly are local laws.
Having determined that the provisions are local laws, we next determine whether the laws concern any of the subjects enumerated in LA. CONST. art. III, § 12(A). Under this constitutional provision, the Legislature may not pass a local law "[c]oncerning any criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales." LA. CONST. art. III, § 12(A)(3) (emphasis added). Article 340(E) provides the "magistrate or district court shall hold a contradictory hearing prior to fixing bail in any felony case." LA.CODE CRIM. PROC. ANN. *722 art. 340(E) (emphasis added). Similarly, Article 342 provides the "district court shall hold a contradictory hearing prior to a modification" of a bail order. LA.CODE CRIM. PROC. ANN. art. 342 (emphasis added). These provisions require only the criminal courts of Orleans Parish to hold a contradictory hearing prior to either fixing bail in a felony case or modifying a bail order. Thus, it is clear that these provisions regulate the practice of criminal courts in Orleans Parish. Because the mandatory contradictory hearing provisions in Articles 340(E) and 342 are local laws and because they concern the practice of courts, we conclude that they are unconstitutional.
When a portion of a law is unconstitutional, the entire law may remain enforceable if the remaining portion of the law is severable. Police Assn. of New Orleans v. City of New Orleans, 94-1078, p. 19 (La.1/17/95), 649 So.2d 951, 965; Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895 (La.1993); Radiofone, Inc. v. City of New Orleans, 616 So.2d 1243, 1249 (La.1993); State v. Azar, 539 So.2d 1222, 1226 (La.1989). This Court has summarized the required elements of the severability analysis, stating:
The test for severability is whether the unconstitutional portions of the law are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention of the legislative body enacting the law. To be capable of separate enforcement, the valid portion of an enactment must be independent of the invalid portion and must form a complete act within itself. The law enforced after separation must be reasonable in light of the act as originally drafted. The test is whether the legislature would have passed the statute had it been presented with the invalid features removed. Where the purpose of the statute is defeated by the invalidity of part of the act, the entire act is void. Conversely, however, when the general objectives of the act can be achieved without the invalid part, the remaining parts of the act will be upheld.
Perschall v. Louisiana, 96-0322, p. 29 (La.7/1/97), 697 So.2d 240, 260 (citations omitted).
We first address whether the Legislature would have passed the mandatory contradictory hearing requirement had it been presented without the 1990 U.S. Decennial Census language. We find the legislative history of the articles clearly demonstrates that the Legislature intended the contradictory hearing requirement to be a local law. The minutes of the House Administration of Criminal Justice Committee show that the Committee ignored a suggestion that the articles be applied statewide. Minutes for Meeting of House Admin. of Criminal Justice Comm., 1995 Reg. Sess. 20 (La. May 30, 1995). The Senate Judiciary Committee minutes reflect that a proposal to revise the population figure to 400,000 was rejected because it would have resulted in the mandatory contradictory hearing requirement's application in parishes other than Orleans. Minutes for Meeting of Senate Comm. on Judiciary, Section C, 1999 Sess. 7 (La. Apr. 6, 1999). Thus, the legislative history indicates an intent to apply the contradictory hearing requirement only to Orleans Parish. The 1990 U.S. Decennial Census language accomplished the legislature's goal by limiting the contradictory hearing requirement's application to Orleans Parish. Without the 1990 U.S. Decennial Census language, the Legislature would not have passed the contradictory hearing portions of the articles because the articles would have applied statewide or at least in some of the larger parishes such as Jefferson and East Baton Rouge. Therefore, we find that the provisions mandating contradictory hearings in certain bail matters are not severable from the 1990 U.S. Decennial Census language. That is not to state that the portions of the articles dealing with bail matters generally are not severable.
*723 Thus, we also address whether the portions of the articles that do not involve mandatory contradictory hearings are severable from the offending mandatory contradictory hearing language. From the legislative history, it is clear that the Legislature intended to enact articles 340 and 342 generally. The amendments to the articles have involved the mandatory contradictory hearing provisions, not the other portions. The controversy over the mandatory contradictory hearing requirement is separate and distinct from the balance of 340 and 342. Thus, the balance of articles 340 and 342, i.e., the portions that do not concern mandatory contradictory hearings, may be severed from the mandatory contradictory hearing requirements.
As such, we hold that LA.CODE CRIM. PROC. ANN. art. 340(E) and the sentence of 342 that mandates a contradictory hearing are unconstitutional local laws and are unenforceable.[6] The remainder of the articles that do not involve mandatory contradictory hearings in certain bail matters remain enforceable.

DECREE
For the foregoing reasons, we affirm, in part, the judgment of the lower court declaring Article 340(E) and the sentence of 342 that mandates a contradictory hearing of the Louisiana Code of Criminal Procedure unconstitutional local laws.
NOTES
[1] Article 340 provides as follows:

A. Unless the bail is fixed by a schedule in accordance with Paragraph B, the amount of bail in felony cases shall be specifically fixed in each case. A person shall not be released on bail pursuant to a general order which authorizes the sheriff, or other officers, to take bail and fixes the amount thereof at a certain sum for particular felonies.
B. A schedule of bail according to the offense charged in noncapital felony cases may be fixed by a district court. The court order setting the bail schedule shall fix the amount of bail for each offense listed, designate the officer or officers authorized to accept the bail, and order that bail be taken in conformity with the schedule. It may also contain a general provision designating the amount of bail for any noncapital felony not listed in the schedule. A copy of the schedule shall be sent to all jails, sheriff's offices, and police stations within the judicial district. A bail schedule may be revised or rescinded at any time.
C. A person charged with the commission of a felony for which bail is fixed by a schedule may give bail according to the schedule or demand a special order fixing bail.
D. Bail herein may be set above the scheduled amount if the court deems it appropriate or the district attorney moves for good cause to have the bail set above the scheduled amount and the court finds it appropriate.
E. In any parish with a population in excess of four hundred ninety thousand, as established by the 1990 U.S. Decennial Census, the magistrate or district court shall hold a contradictory hearing prior to fixing bail in any felony case.
LA.CODE.CRIM. PROC. ANN. art. 340.
[2] Article 342 states as follows:

The court having trial jurisdiction over the offense charged, on its own motion or on motion of the state or defendant, for good cause may either increase or reduce the amount of bail, or require new or additional security. For purposes of this Article, good cause for increase of bail specifically includes but is not limited to the rearrest of the defendant on offenses alleged to have been committed while out on bond. However, in any parish with a population in excess of four hundred ninety thousand, as established by the 1990 U.S. Decennial Census, the district court shall hold a contradictory hearing prior to a modification of the bail order. The modification of any bail order wherein a bail bond has been posted by a criminal defendant and his sureties shall upon said modification terminate the liability of the defendant and his sureties under the previously existing bail contract. A new bail must be posted in the amount of the new bail order.
LA.CODE.CRIM. PROC. ANN. art 342.
[3] The 1990 U.S. Decennial language is significant; it was added in 1999. The Legislature changed LA.CODE CRIM. PROC. ANN. art 340 in 1995 and again in 1999. 1995 La. Acts 989 amended 340 by adding 340(E) that read "E. In any parish with a population in excess of four hundred ninety thousand, the magistrate or district court shall hold a contradictory hearing prior to fixing bail in any felony case." The Legislature amended 340 again in 1999 to read "E. In any parish with a population in excess of four hundred ninety thousand, as established by the 1990 U.S. Decennial Census, the magistrate or district court shall hold a contradictory hearing prior to fixing bail in any felony case." 1999 La. Acts 665.

Article 338 was amended in 1999 as well. The "as established by the 1990 U.S. Decennial Census" language was added. 1999 La. Acts 676.
[4] In Neisler, this Court addressed whether a "regular" criminal court judge had jurisdiction to modify bail that was set by the magistrate and whether LA.CODE CRIM. PROC. ANN. art. 342 mandated a contradictory hearing to change bail from secured to unsecured as distinguished from an increase or decrease in the bail amount. Neisler, 633 So.2d at 1225.
[5] We pretermit a discussion of the judicial capacity or equal protection holdings of the trial court since we find the mandatory contradictory hearing provisions of the articles are unconstitutional local laws.
[6] We note that LA.CODE CRIM. PROC. ANN. art. 338 that has the same 1990 U.S. Decennial Census language found in articles 340(E) and 342 is not before us.