848 So.2d 546 (2003)
STATE of Louisiana
v.
Kenneth J. DILOSA and Johnny L. White, Jr.
No. 2002-KA-2222.
Supreme Court of Louisiana.
June 27, 2003.
*548 Richard P. Ieyoub, Attorney General, Eddie J. Jordan, Jr., District Attorney, Anne M. Dickerson, Valentin M. Solino, for Applicant.
Ike Spears, Katherine M. Mattes, Pamela R. Metzger, Hans P. Sinha, New Orleans, for Respondent.
TRAYLOR, Justice.[*]
This case is before us on direct appeal from a judgment of the district court which granted defendants' motion to quash their indictments and declared unconstitutional all or portions of Articles 412, 413, and 414 of the Louisiana Code of Criminal Procedure and Section 114 of Title 15 of the Louisiana Revised Statutes.[1] These statutes provided procedures for selecting grand jurors, grand jury forepersons, and grand jury venires in Orleans Parish. We find that the lower court correctly determined that the provisions of the statutes which provide(d) unique procedures pertaining to grand juries in Orleans Parish only, were and are unconstitutional local laws within the meaning of Article III, § 12 of the Louisiana Constitution. We also find that the unconstitutionality of portions of the statutes does not render the entirety of the statutes unenforceable because the remaining portions may be severed.

FACTS and PROCEDURAL HISTORY
On October 21, 1999, defendants Johnny L. White, Jr., and Kenneth Jack Dilosa were indicted in Orleans Parish with two counts each of possession of heroin with intent to distribute. Both defendants pled not guilty.
On March 16, 2001, defendants filed motions to quash, arguing that Article 413(C) violated the Due Process and Equal Protection clauses of the state and federal constitutions, and that Articles 412, 413, and 414, and § 15: 114 were local laws which are prohibited under the state constitution. On June 18, 2001, the trial judge granted the motions to quash the indictments, ruling that the statutes were unconstitutional local laws which "separate[d] New Orleans from the rest of the state of Louisiana" and created "one method of criminal law for the City of New Orleans and ... another method for criminal law for the [remainder of the] State..." Tr., June 18, 2001, at 5-6. The state filed a direct appeal to this court pursuant to LA. CONST. art. V, § 5(D), which provides for a direct appeal where a law or ordinance has been declared unconstitutional.

DISCUSSION
Our Constitution provides that the Legislature shall not pass local or special laws concerning any of the subjects enumerated in Article III, § 12(A) of our state constitution.
A law is local if it operates only in a particular locality without the possibility *549 of extending its coverage to other localities or areas should the requisite criteria come to exist in the new locality or area. State v. Brazley, XXXX-XXXX (La.11/28/00), 773 So.2d 718, 721. When the operation of a law is restricted to one or certain parishes, it is immediately suspect as a local law. Kimball v. Allstate Insurance Co., 97-2885, 97-2956 (La.4/14/98), 712 So.2d 46, 51. But a law whose application and immediate effect is restricted to a particular locality is not considered local where persons throughout the state are affected by it or it operates on a subject in which the people at large are interested. Livingston Downs Racing Association, Inc. v. State, 96-2890 (La. 12/2/97), 705 So.2d 149, 156.
The statutes in question read as follows:
Art. 412. Drawing grand jury venire and subpoena of veniremen; Orleans Parish
A. In Orleans Parish, upon order of the court, the commission shall draw indiscriminately and by lot from the general venire box the names of seventy-five qualified persons, who shall constitute the grand jury venire.
B. The commission shall prepare and certify a list containing the names so drawn, and the list shall be delivered to the judge who ordered the drawing.
C. The court may direct the jury commission to prepare subpoenas directed to the persons on the grand jury venire, ordering their appearance in court on the date set by the court for the selection of the grand jury, and the jury commission shall then cause the subpoenas to be served in accordance with the provisions of Article 404.1(B) or R.S. 15:112, as directed by the court.
LA.CODE CRIM. PROC. art. 412 (1999).
Art. 413. Method of impaneling of grand jury; selection of foreman
A. The grand jury shall consist of twelve persons plus a first and second alternate for a total of fourteen persons qualified to serve as jurors, selected or drawn from the grand jury venire.
B. In parishes other than Orleans, the court shall select one person from the grand jury venire to serve as foreman of the grand jury. The sheriff shall draw indiscriminately and by lot from the envelope containing the remaining names on the grand jury venire a sufficient number of names to complete the grand jury. The envelope containing the remaining names shall be replaced into the grand jury box for use in filling vacancies as provided in Article 415.
C. In the parish of Orleans, the court shall select twelve persons plus a first and second alternate for a total of fourteen persons from the grand jury venire, who shall constitute the grand jury. The court shall thereupon select one of the jurors to serve as foreman.
D. The first and second alternates shall receive the charge as provided in Article 432 but shall not be sworn nor become members of the grand jury except as provided in Article 415.
LA.CODE CRIM. PROC. art. 413 (1999).
Art. 414. Time for impaneling grand juries; period of service
A. A grand jury shall be impaneled twice a year in each parish, except in the parish of Cameron in which at least one grand jury shall be impaneled each year.
B. In parishes other than Orleans, the court shall fix the time at which a grand jury shall be impaneled, but no grand jury shall be impaneled for more than eight months, nor less than four months, except in the parish of Cameron in which the grand jury may be impaneled for a year.

*550 C. In Orleans Parish, a grand jury venire shall be drawn by the jury commission on the date set by the presiding judge. On the next legal day following the drawing, the jury commission shall submit the grand jury venire to the presiding judge, who shall impanel the grand jury. A grand jury in Orleans Parish shall be impaneled on the first Wednesday of March and September of each year.
D. A grand jury shall remain in office until a succeeding grand jury is impaneled. A court may not discharge a grand jury or any of its members before the time for the impaneling of a new grand jury, except for legal cause.
LA.CODE CRIM. PROC. art. 414.
§ 114. Parish of Orleans; rotation and selection of grand jury; control of grand jury
Each judge of the criminal district court for the Parish of Orleans shall, in rotation, select the grand jury for the Parish of Orleans. The order of rotation among the judges in the selection of the grand jury prevailing at the time this Section goes into effect shall be preserved and continued. The judge of the section of the criminal district court who shall have appointed said grand jury shall have control and instruction over the grand jury, exclusive of all other judges of the criminal district court, and such grand jury shall make all findings and returns in open court to said judge; and in addition thereto may make reports and requests in open court as provided by law; provided that if the judge to whom the control of the grand jury shall belong shall not be from any cause in the actual discharge of his duties as judge, the judges of the criminal district court then present shall designate some other judge to impanel and instruct said grand jury, or to receive its returns and findings, as the case may be, and the judge so designated shall continue to act for the judge to whom the control of such grand jury shall belong until said last-mentioned judge shall return to the discharge of duties; provided, further, that the grand jury in office at the time of the adoption of this Section shall, until the expiration of that term of office, be under the control of the presiding judge of the section by whom it was selected and shall return all indictments and findings to said judge in open court.
LA.REV.STAT. § 15:114.
These statutes either wholly or in part specifically concern(ed) only Orleans Parish grand jury proceedings. The only locality in which the complained of laws or portions of laws operate(d) is or was Orleans Parish. The only parish which would or could ever be affected in the future by the complained of laws or portions of laws is or was Orleans Parish. The complained of statutes are quite clearly local in nature.
The state argues, however, that these laws are general laws which operate on a subject in which the people at large are interested-the operation and administration of the criminal justice system, of which grand juries are an integral part. In the broadest possible sense, the state's argument may be correct; however, when the issue is narrowed, as it should be, it is extremely doubtful as to whether the citizens of the other sixty-three parishes in the state care at all about what, if any, local grand jury procedures are used in Orleans Parish. Neither has the state come forward with any viable geographic or demographic necessity which would justify the existence of the unique grand jury procedures in Orleans Parish mandated by the statutes.
*551 Next, we must determine whether the laws concern any of the prohibited matters enumerated in Article III, § 12(A) of our Constitution. This section states that the Legislature may not pass local laws "[c]oncerning any ... criminal actions, including... regulating the practice or jurisdiction of any court ..." LA. CONST. art. III, § 12(A)(3) The questioned statutes' regulation and selection of grand juries by Orleans Parish criminal courts clearly "concern[ ] ... criminal actions" and "regulat[e] the practice ... of [those] courts." Because the complained of statutes are local laws which concern the practice of the criminal courts in Orleans Parish, we conclude that they are unconstitutional.
When a portion of a law is unconstitutional, however, the entire law may remain enforceable if the remaining portion of the law is severable. See, e.g., Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895 (La.1993). In determining whether severability is appropriate, this court has previously stated that:
The test for severability is whether the unconstitutional portions of the law are "so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested" by the enacting body. If the remaining portion is separable from the offending portion, this Court may strike only the offending portion and leave the remainder intact.
Duplantis v. Louisiana Board of Ethics, XXXX-XXXX, 1956 (La.3/23/01), 782 So.2d 582, 591 (citations omitted).
With regard to Article 412, it is impossible to sever Paragraph A from the remainder of the statute without destroying the statute's intent. Article 412, then, as it was constituted at the time of defendants' indictment, is unconstitutional in its entirety. Likewise, § 15:144 is unconstitutional in its entirety.
The offending language in Article 413, as it read in 1999, and in Article 414 is severable, however. Considering Article 413, the introductory phrase of Paragraph B, as well as all of Paragraph C, may be struck without damaging the intent of the legislature, which, as indicated by the title of the statute, was to provide a method of impaneling a grand jury and selecting its foreperson. Likewise, the introductory phrase of Paragraph B, as well as all of Paragraph C, may be struck without doing violence to the legislature's intent, which was to provide for a time for impaneling grand juries and their terms of service.

CONCLUSION
For the foregoing reasons, we affirm the trial court's quashing of defendants' indictment, and find that Article 412 of the Code of Criminal Procedure, as it was written in 1999, and Section 114 of Title 15 of the Louisiana Revised Statutes are unconstitutional in their entireties, and that Article 413, as it was written in 1999, and Article 414 of the Code of Criminal Procedure are unconstitutional in part, as designated above. To the extent that the judgment of the trial court might conflict with this opinion, if at all, it is overruled. The matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
AFFIRMED.
NOTES
[*] Judge Lemmie O. Hightower sitting as Justice Ad Hoc for Associate Justice Bernette J. Johnson, recused.
[1] The legislature repealed LA.CODE CRIM. PROC. ART. 413(C) and amended Arts. 412 and 413(B) in 2001, subsequent to the defendants' indictments, to provide for random selection of grand jurors and grand jury forepersons, and for selection of grand jury venires in accordance with Article 411(A), the general provision governing all other Louisiana parishes. The constitutionality of these two articles, as amended, is not before the court.