866 So.2d 296 (2004)
STATE of Louisiana
v.
Glenn Leo WILLIAMS.
No. 2003-KA-0091.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 2004.
*297 Eddie J. Jordan, Jr., District Attorney, Claire Adriana White, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).

ON REHEARING GRANTED
EDWIN A. LOMBARD, Judge.
We granted rehearing to consider the defendant's argument that the trial court erred in denying his second motion to quash the indictment, filed on May 17, 2002, wherein he challenged the constitutionality of the grand jury selection in Orleans Parish at the time of his indictment. After consideration of the pertinent facts in light of the applicable caselaw and supplemental briefs filed by the parties, we affirm the defendant's conviction and sentence.
Relevant Facts
In State v. Dilosa,[1] 2002-2222 (La.6/27/03), 848 So.2d 546, the Louisiana Supreme Court struck down as unconstitutional La.Code Crim. Proc. art. 412 and La.Rev.Stat. 15:114 in their entirety, the introductory phrases of La.Code Crim. Proc. arts. 413(B) and 414(B) ("In parishes other than Orleans,"), and La.Code Crim. Proc. arts. 413(C) and 414(C) in their entirety. The offending provisions together provided procedures, applicable only in Orleans Parish, for the selection of the grand jury venire, the impaneling of the grand jury, selection of the grand jury foreman, the time for impaneling grand juries and the period of service, and the rotation of judges who select and control the grand jury[2]. The court found that the provisions were "local laws" concerning "criminal actions" *298 which regulated the "practice" of Orleans Parish criminal courts in violation of La. Const. art. III, § 12(A)(3).[3] Subsequently, La.Code Crim. Proc. arts. 412(A) and 413(B) were amended to remove the offending provisions, and art. 413(C) was repealed in its entirety by Acts 2001, No. 281, §§ 1 and 2, respectively.
In this case, the grand jury that indicted defendant on July 9, 1995, and the foreman of that grand jury, were selected while the applicable procedures declared unconstitutional in Dilosa, supra were all in effect[4]. The defendant's second motion to quash his indictment, filed in May 2002, challenged the constitutionality of the grand jury selection process. The defendant's conviction and sentence were under direct appeal to this court at the time of the Dilosa decision.
Discussion
Article 921 of the Louisiana Code of Criminal Procedure provides that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
The statute and codal provisions pertinent to this case were declared unconstitutional in Dilosa solely because they were local laws in violation of La. Const. art. III, § 12(A). However, the constitutional prohibition against local laws which underlies the Dilosa decision simply reflects a policy decision that legislative resources and attention should be concentrated upon matters of general interest and that purely local matters should be left to local governing authorities. Morial v. Smith & Wesson Corp., XXXX-XXXX, p. 22 (La.App. 4 Cir. 4/3/01), 785 So.2d 1, 17; Kimball v. Allstate Ins., Co., 97-2885, p. 4 (La.4/14/98), 712 So.2d 46, 50. As such, the substantial rights of a criminal defendant are not affected per se solely because he is indicted by a grand jury selected pursuant to local laws passed by the Louisiana State legislature. Thus, although the trial court erred in denying defendant's motion to quash his grand jury indictment based on the unconstitutionality of the local laws at issue, there is no showing that the error affected his substantial rights[5]. Accordingly, the error *299 does not require reversal of defendant's conviction, sentence and indictment. Therefore, on rehearing, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The defendants in Dilosa filed motions to quash their October 1999 indictments on March 16, 2001, arguing that La.Code Crim. Proc. arts. 412, 413 and 414, and La.Rev.Stat. 15:114 were local laws prohibited under the state constitution.
[2] Pursuant to Article 413(C), the court selected the grand jury, and grand jury foreman from among the members of that grand jury, whereas in other parishes, pursuant to former Article 413(B), the sheriff select the grand jury "indiscriminately and by lot," and thereafter the court causes the random selection of a foreperson from that grand jury.
[3] La. Const. Art. III state in pertinent part:

Section 12.(A) Prohibitions. Except as otherwise provided in this constitution, the legislative shall not pass a local or special law:
. . .
(3) Concerning any civil or criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court....
[4] In Orleans Parish, prior to Dilosa, pursuant to former La.Code Crim. Proc. art. 413(C) the court selected the grand jury in Orleans Parish and the grand jury foreperson was selected from among members of that grand jury. In other parishes, pursuant to La.Code Crim. Proc. art 413(B), the sheriff selects the grand jury "indiscriminately and by lot," and thereafter the court causes the random selection of a foreperson from that grand jury.
[5] See Rideau v. Whitley, 237 F.3d 472 (5th Cir.2000), cert. denied, 533 U.S. 924, 121 S.Ct. 2539, 150 L.Ed.2d 708 (2001), reversing the defendant's conviction based on racial discrimination in the selection of the grand jury that indicted him. As in the instant case, the defendant filed a pre-trial motion to quash his indictment. He alleged that there had been a systematic exclusion of black jurors from the Calcasieu Parish grand jury that returned his indictment for first degree murder. The motion to quash was denied, and the Louisiana Supreme Court affirmed that ruling in 1973. In 1994, the defendant filed a petition for federal habeas corpus, ultimately leading the federal court of appeals to reverse his conviction on the ground that his indictment by a grand jury from which black citizens were systematically excluded because of their race violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. The court followed a rule of mandatory reversal of the conviction and indictment in such cases, and did not require a showing of prejudice, because the intentional discrimination in the selection of the grand jury was a "grave constitutional trespass possible only under color of state authority wholly within the power of the State to prevent," because of the need to eliminate that systematic flaw, and because of the difficulty of assessing the prejudicial effect on any given defendant. Rideau, 237 F.3d at 489, quoting Vasquez v. Hillery, 474 U.S. 254, 262 & 264, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). In this case, however, the defendant does not make a showing that his indictment approached the "grave constitutional trespass" found in Rideau which led that court to automatically reverse defendant Rideau's conviction and indictment without a finding of prejudice.