DENNIS R. BAGNERIS Sr., Judge.

STATEMENT OF CASE

On January 8, 1998, the State filed a bill of indictment charging Allen Rhea with aggravated rape, aggravated kidnapping, aggravated crime against nature, armed robbery, attempted armed robbery, and attempted second degree murder.[1] He was arraigned on January 16th and pleaded not guilty. The defendant’s motion to suppress the identification was denied after a hearing on August 31, 2000. Through counsel, on February 16, 2001, the defendant filed a motion to quash the indictment because it was defective due to the process of selecting the grand jury in Orleans Parish; the motion was denied on March 6th.
On May 19, 2003, the State amended the charges on counts one and two to forcible rape and second degree kidnapping re *133 spectively and entered a nolle prosequi as to the charges in counts three, four, and six. Mr. Rhea then pleaded guilty to forcible rape, second degree kidnapping, and attempted armed robbery. On July 15, 2003, when Mr. Rhea appeared for sentencing, he filed a pro se motion to withdraw his guilty plea on the grounds that his attorney pressured him to make the plea. The court denied his motion. He was then sentenced — in accordance with his plea bargain — to serve forty years at hard labor without benefits of parole, probation, or suspension of sentence as to count one; forty years at hard labor without benefits as to count two; and forty-nine and one-half years at hard labor without benefits as to count five. The sentences are to run concurrently to each other and to the other sentence the defendant is serving.[2]
The defendant’s motion for an appeal was granted on July 16, 2003. The docket master indicates the motion for reconsideration of sentence was denied. The defendant through counsel filed a motion to correct an illegal sentence and dismiss the indictment underlying the conviction and illegal sentence. After a hearing on August 28, 2003, the court denied the motion.

STATEMENT OF FACT

Because the defendant pleaded guilty, the facts are not set out in the record. However, the police report indicates that on August 9, 1997, the victim was carjacked in New Orleans by fourteen-year-old James Rhea who forced her into the trunk of her car at gunpoint and drove to the home of his sixteen-year-old cousin, Allen . Rhea. The two young men drove to the levee on River Road in Jefferson Parish where they raped the victim and shot her twice. They drove away in her car. She managed to get help and was taken to Ochsner Hospital. She told the police that the men called each other James and Allen. James reported that Allen shot the victim.

ERRORS PATENT

A review of the record for errors patent reveals none.

DISCUSSION

The defendant through counsel makes two assignments of error: (1) the trial court abused its discretion in denying defendant’s pro se motion to withdraw his guilty plea and defense counsel’s request to supplement the motion, and (2) the trial court erred in denying defendant’s motion to correct an illegal sentence and dismiss the indictment underlying the conviction and illegal sentence.

ASSIGNMENT OF ERROR NUMBER 1

The defendant argues that the trial court erred in denying his pro se motion to withdraw his guilty plea and his defense counsel’s request to supplement the motion.
La.C.Cr.P. art. 559 provide in pertinent part that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” The Louisiana Supreme Court in State v. Lewis, 421 So.2d 224 (La.1982) considered this issue and held that a trial court may permit the withdrawal of a guilty plea after sentencing when the trial court finds that the guilty plea was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and, therefore, the plea is constitutionally infirm. The withdrawal of a guilty plea is within the discretion of the trial *134 court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981).
For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and a waiver of the basic triad of rights. In determining whether the defendant’s plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision. State ex rel LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Galliano, 396 So.2d 1288 (La.1981).
In addition to the basic three rights enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. State ex rel. Curry v. Guillory, 441 So.2d 204 (La.1983).
In the case at bar, the transcript from May 19, 2003, when the guilty pleas were entered, indicates that the defendant was represented by an attorney when he entered the pleas. Furthermore, the trial judge fully explained the defendant’s rights and questioned him as to whether the pleas were knowing and voluntary. The judge explained the maximum sentences the defendant could receive. He told the defendant of his right to a speedy trial, his right to a jury, his right to representation, and his right to confront his accusers. The defendant said that he understood the rights and that he had no questions. When asked if anyone had forced, threatened, or coerced him into pleading guilty, he answered negatively, and when asked if he was satisfied with his attorney, he answered affirmatively. The waiver of rights form is signed by the defendant, his attorney, and the judge.
Although the defendant did not testify except at the Boykin hearing cited above, he did file a Motion for Withdrawal of Guilty Plea in which he set out his reason for withdrawing his plea. He stated:
During plea discussions, my attorney Emily Bolton stated she feared going to trial, and if I agreed to a plea, which would be my best option, she promised to do my Post Conviction. My attorney made a promise to me, and also inspired fear in me from [sic] exercising my right to trial, which should make this plea void and involuntary .... [Emphasis in original text].
In his pro se motion, the defendant argues also that his attorney was ineffective for advising him to plead guilty and that there was an insufficient factual basis to support the plea in that prior to the plea he had not admitted to guilt.
After considering the defendant’s motion, the judge stated:
He [the defendant] alleges ... [counsel] in this case had made certain representations to him as [sic] either as regards the trial and/or as regards some post conviction ... matter. In paragraph two, where he alleges ineffective assistance of counsel, I guess, with all respect to Mr. Rhea, I just don’t believe that he raises anything that would be worthy of this Court’s serious consideration. And in paragraph three: Insufficient Factual Basis to Support the Plea, *135 again, there’s nothing that he raises that would be worthy of consideration. As to paragraph one, where, again, he raised the issue of whether or not a lawyer made a — and this is his writing — my attorney stated she feared going to trial and if I agreed to a plea, which would be my best option, she promised to do my Post Conviction. Well, if a plea is, in fact, his best option, then I don’t understand what in the world a lawyer has done to either coerce him into entering or [sic] a plea or has done to trick him into entering a plea or to do anything else untoward in this case that would get him into a plea of guilty, other than the fact that, with all respect to Mr. Rhea, that he’s entering a plea because that’s what he wanted to do.
The trial judge, after considering all the factors involved in a valid and voluntary guilty plea, could find no rational basis for the defendant’s motion to withdraw his plea.
The transcript of the plea hearing reflects compliance with Boykin. On the Waiver of Constitutional Rights/Plea of Guilty Form, the defendant admitted that he had committed the crimes. He signed and initialed a standard plea form. The trial court clearly set out the possible sentences. Moreover, Mr. Rhea originally faced death or a life sentence for aggravated rape, a life sentence for aggravated kidnapping, and up to ninety-nine years for armed robbery. He also faced the aggravated crime against nature and the armed robbery charges. He successfully plea-bargained a reduction of the rape and kidnapping charges, attempted armed robbery and a dismissal of the aggravated crime against nature and the armed robbery charges.
In its brief, the defense suggests that when Mr. Rhea learned that his defense counsel was afraid to go to trial, he became frightened thinking that the attorney was anxious for herself rather than for him. Given the charges against him, this position is unreasonable. The judge found the defendant’s statement unworthy of consideration. After going to trial in Jefferson Parish and being found guilty of attempted murder, the defendant to his great advantage pleaded guilty to reduced charges in Orleans Parish.
The defendant’s pleas were knowing and voluntary and the Boykin colloquy was adequate. We do not find that the trial court abused its discretion in denying the motion to withdraw the guilty plea.
As part of this assignment of error, the defendant, through counsel, contends that the court erred in denying defense counsel’s request to supplement the defendant’s motion to withdraw his guilty plea.
At the hearing on July 15, 2003, the defense attorney first noted that Mr. Rhea had filed a motion to withdraw his guilty plea and then asked to withdraw as his counsel because Mr. Rhea he had indicated in his motion that his counsel was ineffective. After the judge denied both motions, the attorney asked for time prior to sentencing in which to supplement the defendant’s motion to withdraw. That request was also denied.
On appeal, counsel now argues that the request should have been granted so that she could have argued that the grand jury indictment was infirm on the basis of the Supreme Court decision State v. Dilosa, 2002-2222 (La.6/27/03), 848 So.2d 546.[3] However, when the attorney asked for time to supplement the request, she gave no reason for her motion. The judge found no logical reason for the defendant *136 to withdraw his guilty plea, and when counsel expressed no reason for an extension of time. Thus, the trial court correctly denied the request. Furthermore, the argument under State v. Dilosa is defendant’s second assignment of error on appeal. Thus, the argument will be heard, and there is no harm in the trial court’s denial of the defense’s request.

ASSIGNMENT OF ERROR NUMBER 2

The defendant’s next argument, that the trial court erred in denying defendant’s motion to correct an illegal sentence and to dismiss the indictment underlying the conviction and the illegal sentence, is based on the recently decided Supreme Court case, State v. Dilosa, 2002-2222 (La.6/27/03), 848 So.2d 546; in Dilosa the court held that the grand jury indicting the defendant was selected by a local law in violation of Art. Ill, § 12 of the Louisiana Constitution.
In State v. Williams, 2003-0091(La.App. 4 Cir. 1/14/04), 866 So.2d 296, this court recently addressed the issue considered in Dilosa. Before his trial, the defendant in Williams, who was indicted for first-degree murder, filed a motion to quash the indictment based on the unconstitutionality of the grand jury selection process in Orleans Parish at the time of his indictment. Following oral argument, the district court denied the motion to quash the indictment on May 20, 2002. On June 27, 2003, shortly after the defendant was convicted and sentenced, the Louisiana Supreme Court held, in a pretrial case, that the statutory grand jury selection process, as it existed in Orleans Parish prior to 2001, was a local law in violation of Art. Ill, § 12 of the Louisiana Constitution. State v. Dilosa, 2002-2222 (La.6/27/03), 848 So.2d 546, 551.
At a rehearing in the Williams case, this Court declared:
Article 921 of the Louisiana Code of Criminal Procedure provides that “[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”
The statute and codal provisions pertinent to this case were declared unconstitutional in Dilosa solely because they were local laws in violation of La. Const. art. III, § 12(A). However, the constitutional prohibition against local laws which underlies the Dilosa decision simply reflects a policy decision that legislative resources and attention should be concentrated upon matters of general interest and that purely local matters should be left to local governing authorities. Morial v. Smith & Wesson Corp., 2000-1132, p. 22 (La.App. 4 Cir. 4/3/01), 785 So.2d 1, 17; Kimball v. Allstate Ins., Co., 97-2885, p. 4 (La.4/14/98), 712 So.2d 46, 50. As such, the substantial rights of a criminal defendant are not affected per se solely because he is indicted by a grand jury selected pursuant to local laws passed by the Louisiana State legislature. Thus, although the trial court erred in denying defendant’s motion to quash his grand jury indictment based on the unconstitutionality of the local laws at issue, there is no showing that the error affected his substantial rights[4]
*137 Accordingly, the error does not require reversal of defendant’s conviction, sentence and indictment. Therefore, on rehearing, the defendant’s conviction and sentence are affirmed.
State v. Williams, pp. 2-3, 866 So.2d 296.
Just as in Williams, the substantive rights of Allen Rhea were not affected because he was indicted by a grand jury selected according to local laws in Orleans Parish. Even though the court erred in denying his motion to quash his indictment based on the local laws, he made no showing that his substantive rights were affected.
Therefore, the error does not require reversal of his indictment, convictions, and sentences.
The defendant’s convictions and sentences are affirmed.

CONVICTIONS AND SENTENCES AFFIRMED.

. A co-defendant, James Rhea, who is the defendant's cousin, was indicted, charged with counts one, two, and four, and pleaded guilty to forcible rape, second degree kidnapping, and attempted armed robbery.

. Allen Rhea was convicted in Jefferson Parish of attempted murder and is serving a fifty-year sentence.

. This case is discussed as part of the next assignment of error.

. See Rideau v. Whitley, 237 F.3d 472 (5th Cir.2000), cert. denied, 533 U.S. 924, 121 S.Ct. 2539, 150 L.Ed.2d 708 (2001), reversing the defendant's conviction based on racial discrimination in the selection of the grand jury that indicted him. As in the instant case, the defendant filed a pre-trial motion to quash his indictment. He alleged that there had been a systematic exclusion of black jurors from the Calcasieu Parish grand jury that returned his indictment for first-degree murder. The motion to quash was denied, and the Louisiana Supreme Court affirmed that ruling in 1973. In 1994, the defendant filed a petition for *137 federal habeas corpus, ultimately leading the federal court of appeals to reverse his conviction on the ground that his indictment by a grand jury from which black citizens were systematically excluded because of their race violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. The court followed a rule of mandatory reversal of the conviction and indictment in such cases, and did not require a showing of prejudice, because the intentional discrimination in the selection of the grand jury was a "grave constitutional trespass possible only under color of state authority wholly within the power of the State to prevent,” because of the need to eliminate that systematic flaw, and because of the difficulty of assessing the prejudicial effect on any given defendant. Rideau, 237 F.3d at 489, quoting Vasquez v. Hillery, 474 U.S. 254, 262 & 264, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). In this case, however, the defendant does not make a showing that his indictment approached the "grave constitutional trespass” found in Rideau which led that court to automatically reverse defendant Rideau’s conviction and indictment without a finding of prejudice.