NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-1328


STATE OF LOUISIANA

VERSUS

CHARLES L. BERGERON, SR.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 19101-08
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.


**SENTENCES VACTED; REMANDED WITH INSTRUCTIONS.**

**John Foster DeRosier**
**Fourteenth Judicial District Court**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Edward Kelly Bauman**
**La Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Charles L. Bergeron, Sr.**

**Charles L. Bergeron, Sr.**
**Rayburn Correctional Ctr. R-1**
**27268 Hwy. 21 N**
**Angie, LA 70426**

**EZELL, Judge.**

Charles Bergeron, Sr. was indicted on August 8, 2008, with simple rape, a violation of La.R.S. 14:43, twenty-five counts of oral sexual battery, violations of La.R.S. 14:43.3, fifty counts of indecent behavior with a juvenile, violations of La.R.S. 14:81, and one count of molestation of a juvenile, a violation of La.R.S. 14:81.2. In a separate docket number, Defendant was charged with sexual battery.[1] However, on April 11, 2012, the State amended the charge to reflect the offense of indecent behavior with a juvenile. The State also amended the simple rape charge to second degree sexual battery, a violation of La.R.S. 14:43.2.

On April 11, 2012, Defendant pled guilty pursuant to a plea agreement. He plead guilty to twelve counts of oral sexual battery, twelve counts of indecent behavior with a juvenile, and one count of second degree sexual battery. The remaining charges were dismissed. The plea agreement encompassed all the charged offenses listed in lower court docket numbers 19101-08 and 16496-06.

Defendant was sentenced on June 13, 2012. On the convictions for twelve counts of indecent behavior with a juvenile, the trial court sentenced Defendant to the maximum sentence of seven years on each count, to be served consecutively for a total of eighty-four years. The court also ordered the maximum sentence of ten years on the twelve convictions of oral sexual battery to be served consecutively for a total of one hundred and twenty years and a fifteen-year sentence on the conviction for second degree sexual battery. The trial court indicated the aggregate eighty-four year sentence, the aggregate one-hundred-and-twenty-year sentence, and the fifteen-year sentence were to be served concurrently. The aggregate sentence of one hundred and

---

[1] This earlier charge was in lower court docket number 16496-06, and although the assignments of error in the current appeal also concern the conviction resulting from the charge of sexual battery, the issues involving that conviction, which are identical to the issues in the current appeal, are before this court on appeal under docket number 12-1327.

twenty years was also ordered to be served consecutively to a ten-year sentence imposed on a conviction for failure to register as a sex offender.[2] Following the sentencing, defense counsel advised the trial court that "we reserve the right to reconsider the sentence for the record." However, no written motion to reconsider the sentences was ever filed.

Defendant has perfected a timely appeal. He asserts that the sentences are indeterminate and not supported by the record. He further asserts that the trial court erred when it denied his motion to withdraw the guilty plea prior to imposing the sentences. For the following reasons, we find there is no merit to Defendant's claim that the trial court erred when it denied his motion to withdraw the guilty plea. However, we order that the sentences be vacated and remanded for the following reasons.

**FACTS**

Whereas Defendant pled guilty, the facts of the case are contained in the transcript of the guilty plea hearing. Defendant, who was in his seventies at the time of the offenses, had oral sexual contact with four victims, who were under the age of seventeen.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent concerning the Defendant's sentences which was raised and addressed as an assigned error.

---

[2] This court affirmed Defendant's conviction and sentence on the failure to register as a sex offender in *State v. Bergeron,* 12-71 (La.App. 3 Cir. 10/3/12), 99 So.3d 90.

**ASSIGNMENT OF ERROR**

Defendant argues that the sentences, in the case of each offense, are indeterminate in that the sentences are to be served with or without hard labor; however, the trial court failed to designate whether the sentences were to be with or without hard labor. Furthermore, Defendant argues that the trial court was not clear from the record as to whether the sentences in each category should be served consecutively or concurrently. Finally, Defendant argues that "the sentences should be vacated because they are not supported by the record."

The sentencing provisions for the three different classes of offenses, of which Defendant was convicted, at the time of the offenses, stated that the sentence imposed may be served with or without hard labor. *See* La.R.S. 14:81(C), La.R.S. 14:43.3(C), and La.R.S. 14:43.2(C)(1). A review of the sentencing transcript shows that the trial court did not indicate whether the sentences were to be imposed with or without hard labor. Nor does the minute entry for that date indicate whether any of the sentences were imposed with or without hard labor. Accordingly, the sentences are indeterminate and in violation of La.Code Crim.P. art. 879, which provides that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." Therefore, the sentences should be vacated and the case remanded for resentencing with the trial court being instructed to specify whether the sentences are to be served with or without hard labor. *State v. Matthew*, 07-1326 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, *writ denied*, 08-1664 (La. 4/24/09), 7 So.3d 1193.

Whereas, we determine that the sentences must be vacated and the matter remanded, all other issues raised regarding the sentences are moot.

## PRO SE ASSIGNMENT OF ERROR

Defendant argues that the trial court erred when it denied his requests to withdraw the guilty plea made prior to sentencing.

> Louisiana Code of Criminal Procedure Article 559 states that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The withdrawal of a guilty plea is within the broad discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. *State v. Blanchard*, 00-1147 (La.4/20/01), 786 So.2d 701.

*State v. Roe,* 05-116, p. 8 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1271, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163 (alteration in original).

At sentencing, after a discussion as to the amount of time Defendant may have to spend in prison, Defendant stated:

> Your -- Your Honor, for four years, I've waited for a jury trial. You -- you know that. You've been my judge. But because I misunderstood -- not that I don't have a good attorney, I do -- because of misunderstanding, I -- I pled to --to what I pleaded to, but I didn't understand it. But I would like to ask at this time that if I could withdraw my plea and go to a jury trial, but I'll leave it up to His Honor, sir, because you've been fair with me. And I did not understand and I'm not -- what they said is not true, sir.

Without further discussion, the trial court denied the request and continued with sentencing. In *State v. Kron*, 07-1024, pp. 5-6 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120, *writ denied*, 08-813 (La. 10/24/08), 992 So.2d 1039, while discussing the withdrawal of a guilty plea, the fifth circuit stated:

> Generally, a denial of a Motion to Withdraw a Guilty Plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. *State v. Stewart,* 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. *State v. Green*, 03-410 (La.App. 5 Cir. 10/28/03), 860 So.2d 237, *writ denied,* 03-3228 (La.3/26/04), 871 So.2d 346. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. *Id.*

4

Furthermore:

> In addition to the basic three rights enunciated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. *State ex rel. Curry v. Guillory*, 441 So.2d 204 (La.1983).

*State v. Rhea,* 04-91, p. 4 (La.App. 4 Cir. 5/19/04), 876 So.2d 131, 134, *writ denied,* 04-901 (La. 10/1/04), 883 So.2d 1005.

At the guilty plea hearing, defense counsel advised the trial court that he had gone over the constitutional rights as it related to the entering of the pleas with Defendant. The trial court then questioned Defendant as to his understanding that he was waiving certain constitutional rights; to be tried by a jury; to confront and cross-examine witnesses; and the right against self-incrimination. Defendant answered that he understood the rights he was waiving. The trial court also advised Defendant of the potential sentences he could receive after pleading guilty to the offenses. He asked Defendant if his decision to plead guilty was because he was threatened in any way or whether the decision was his alone. Defendant answered that he was not coerced and it was his decision. Following the State's recitation of the facts of the case, the trial court asked Defendant if he admitted to the twelve charges of oral sexual battery, twelve charges of indecent behavior with a juvenile, and one charge of second degree sexual battery, and Defendant answered, "Yes, sir."

Considering all of the above, we find Defendant does not set forth sufficient reasons why he should have been allowed to withdraw his guilty plea. He did not allege fraud, incompetence of counsel, or intimidation. Defendant has failed to show that his guilty plea was not knowingly and intelligently made. The trial court did not

abuse its vast discretion when it denied his request to withdraw the guilty plea. There is no merit to this assignment of error.

## DISPOSITION

This court affirms the convictions. However, the sentences are indeterminate in violation of La.Code Crim.P. art. 879, in that the trial court did not indicate whether the sentences were to be served with or without hard labor. Therefore, the sentences are vacated and the case remanded for resentencing with the trial court instructed to specify whether the sentences are to be served with or without hard labor.

**SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rules 2−16.3.