PER CURIAM
I (Writ granted in part; otherwise denied. The case is remanded to'the district court for an evidentiary hearing to determine whether the juvenile defendant’s guilty plea to the reduced charge of attempted aggravated rape was entered knowingly and voluntarily.
A defendant’s receipt of misinformation as to'his sentencing exposure may impede, if not foreclose, his ability to make a voluntary and intelligent choice among alternatives. See North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); State ex rel. LaFleur v. Donnelly, 416 So.2d 82, 84 (La. 1982) (though it is critical that a defendant pleading guilty understand his Boykin[1] rights, “it is probably much more important to the defendant’s decision (about whether to plead guilty) that he understand the maximum penalty exposure.”).
The court of appeal affirmed defendant’s conviction and sentence, rejecting defendant’s argument that his guilty plea was not intelligently (and therefore not voluntarily) entered because he was unaware that a juvenile non-homicide |2offender, such as defendant, can no longer be sentenced to a term of life imprisonment without parole eligibility. See Graham v. Florida, 560 U.S. 48, 65, 130 S.Ct. 2011, 2024, 176 L.Ed.2d 825 (2010). Under the holding of Graham, as effectuated in La. R.S. 15:574.4(D), if defendant had pleaded guilty as charged to aggravated rape, he could have been eligible for parole after serving 30 years of a life sentence. However, his plea of guilty to attempted aggravated rápe subjected him to a sentence without benefit of parole for the entire 50-year sentence. Thus, defendant is arguably worse off in the context of parole eligibility for having pleaded guilty to the lesser offense, thereby raising the possibility he was misadvised regarding his sentencing exposure. Because" the precise sentencing advisements that' defendant received remain unclear from the materials before us, we reverse the court of appeal’s decision to the extent it rejected this claim and remand to the district court for an evidentiary hearing on this issue. The application is otherwise denied,

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).