PER CURIAM:
Writ granted. A defendant's receipt of misinformation as to his sentencing exposure may impede, if not foreclose, his ability to make a voluntary and intelligent choice among alternatives. See North Carolina v. Alford , 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970) ; State ex rel. LaFleur v. Donnelly , 416 So.2d 82, 84 (La. 1982) (though it is critical that a defendant pleading guilty understand his Boykin rights, "it is probably much more important to the defendant's decision (about whether to plead guilty) that he understand the maximum penalty exposure."). This court previously remanded to the district court to determine in an evidentiary hearing whether defendant was advised that under the holding of Graham v. Florida , 560 U.S. 48, 65, 130 S.Ct. 2011, 2024, 176 L.Ed.2d 825 (2010), as effectuated in La. R.S. 15:574.4(D) at the time defendant pleaded guilty in 2014, if defendant had pleaded guilty as charged to aggravated rape, he could have been eligible for parole after serving 30 years of a life sentence. State v. Johnston , 16-1460 (La. 6/5/17), 221 So.3d 46 (per curiam). After remand, it is clear that defendant was misinformed of his sentencing exposure, i.e. he was told that he faced a sentence of life imprisonment without parole eligibility. We find that misinformation impeded his ability to make a voluntary and intelligent choice among the alternatives. Therefore, we grant the application to remand to the district court with instructions that defendant be given the opportunity to withdraw his guilty plea.
REMANDED
GENOVESE, J., would deny.